P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>KCR LEMON GROVE INC., a California corporation,<br><br>Defendant. | Case No: **'25CV0753 CAB JLB**<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

### PARTIES

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, KCR Lemon Grove Inc., owns and/or operates and does business as the hotel Rodeway Inn located at 7458 Broadway, Lemon Grove, California 91945. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7. Plaintiff alleges that Defendant Hotel's disabled parking is not compliant with Section 502 because the disabled parking does not have an access aisle adjacent to it.

8. Disabled parking spots relate to Plaintiff's disability because she has only one leg and uses a wheelchair. An access aisle adjacent to the disabled parking spot is important for a person in a wheelchair because it gives the person space to load into her/his wheelchair, whereas if there was simply another parking spot there, there would be no space to get into a wheelchair.

9. Plaintiff formerly worked in the hospitality industry. She is an avid traveler across California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws, doing so at least once per month. Testing is encouraged by the Ninth Circuit.

10. In mid-March 2025, Plaintiff visited Defendant's hotel, which has a parking lot and disabled parking spots. However, one of the two disabled parking spots did not have an access aisle adjacent to it; instead, there was another parking spot that did not give Plaintiff sufficient spacing to get into her wheelchair while getting out her

2

1  vehicle. The failure of Defendant to provide the access aisle represents a violation of
2  Section 502 of the Standards. As a result of the violation that she personally
3  encountered, she was deterred from entering the Hotel lobby and left the Hotel.
4      11.   Plaintiff has certain plans of returning and staying at the Hotel in August
5  2025 during one of her many trips across Southern California, in the hopes that
6  Defendant will have remediated the barrier by then thereby allowing her full and equal
7  access. If the barrier is not removed by the time of her return, she will remain deterred.
8      12.   It is readily achievable and inexpensive to modify the Hotel to paint an
9  access aisle adjacent to the aforementioned disabled parking spot.
10     13.   Without injunctive relief, Plaintiff and others will continue to be unable to
11 independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

14. Plaintiff incorporates all allegations heretofore set forth.

15.   Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

16.   Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

17.   In violation of the 2010 Standards, Defendant's Hotel parking lot does not comply with Section 502 of the Standards, as described above.

18.   Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable

3

means that providing access is easily accomplishable without significant difficulty or expense.

19. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

20. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its parking lot be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

21. Plaintiff realleges all allegations heretofore set forth.

22. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

23. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

24. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

25. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

26. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Damages in the amount of $4,000.00; and

    e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 30th day of March, 2025.

                        */s/ P. Kristofer Strojnik*
                        P. Kristofer Strojnik (242728)
                        Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of March, 2025.

_____
Theresa Marie Brooke